**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

     Plaintiff-Respondent,          Criminal Case No. 15-20546
                                   Civil Case No. 17-11520
                                   HON. DENISE PAGE HOOD

v.

QUINCY LEMAR GRAHAM,

     Defendant-Petitioner.

_____/

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET**
**ASIDE OR CORRECT SENTENCE [#35];**
**ORDER DISMISSING CIVIL CASE NO. 17-11520;**
**and**
**ORDER DENYING CERTIFICATE OF APPEALABILITY**

## I. BACKGROUND

On September 2, 2015, Defendant Quincy Lemar Graham ("Graham") was

charged in an Indictment with one count of Felon in Possession of a Firearm. (Doc

# 11) On December 15, 2015, Graham entered a plea of guilty. The Court

sentenced Graham to be imprisoned for a total term of 27 months, followed by

supervised release for a term of two years. The Court entered a Judgment on

October 24, 2016. (Doc # 34) Graham did not file an appeal in this matter.

On May 8, 2017, Graham filed the instant *pro se* Motion to Vacate, Set

Aside, or Correct Sentence under 28 U.S.C. § 2255 arguing that he was

"improperly enhanced 6 points" during sentencing for his prior drug conviction. (Doc # 35)  The Government filed a Response on June 26, 2017.  (Doc # 43) Graham filed a Reply on July 12, 2017.  (Doc # 44)

## II. ANALYSIS

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence.  28 U.S.C. § 2255(a).  Motions brought under Section 2255 are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996, generally running from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2253(f)(1); *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001).  As an initial matter, the Court notes that Graham's Motion was timely filed.

In order to prevail on a Section 2255 motion, the movant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

### A. Sentence Enhancement

Graham argues that he was "improperly enhanced 6 points" during sentencing for his prior drug conviction:

> Under the Mich. Comp. Laws § 333.7401 and Mich. Comp. Laws § 750.92 does [sic] not qualify as a "controlled substance" under the

2

> United States Sentencing Guidelines, because it criminalizes conduct
> that is not included within the Guidelines [sic] definition of controlled
> substance offense.  Ex. 2, p.4.  United States v. Hinkle 2016.

(Doc # 35, Pg ID 111)

The Government responds that Graham is barred from raising a non-constitutional claim regarding sentencing guidelines because he has failed to establish cause and prejudice for his failure to present this issue on direct appeal.

"[N]on-constitutional errors, including claims of errors in the calculation of the sentencing guidelines, rarely if ever warrant relief under 28 U.S.C. § 2255." *Eaddy v. United States*, 20 F. App'x 463, 464 (6th Cir. 2001).  "In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Hicks v. United States*, 258 F. App'x 850, 852 (6th Cir. 2007) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)) (internal quotations omitted). This "cause and prejudice standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding."  *Id.* (internal quotations and citation omitted).  The hurdle a defendant faces in excusing his procedural default is intentionally high "for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal."  *Peveler v.*

*United States*, 269 F.3d 693, 700 (6th Cir. 2001) (quoting *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000)) (internal quotations omitted).

Graham has not put forth any argument or evidence that he had good cause for his failure to raise his claim regarding sentencing guidelines prior to the filing of his Section 2255 Motion.  Graham sent this Court a letter on March 10, 2016 regarding sentencing in which he referred to his felony conviction from over ten years ago.  (Doc # 25)  He did not raise the issue of the improper sentence enhancement.  On April 11, 2016, Defense Counsel filed nine objections to the Pre-Sentence Investigation Report "PSIR."  (Doc # 26)  The PSIR included a base level offense of 20 under U.S.S.G. § 2K2.1(a)(4) for one prior felony conviction of a controlled substance offense.  The PSIR further stated that on January 23, 2006, Graham was convicted by a jury for Possession with Intent to Deliver Over 50 Grams of cocaine in Michigan's Third Circuit Court.  None of Defense Counsel's objections to the PSIR raised an objection to the base level offense level or the felony drug conviction.  *See* Doc # 26.  Graham filed another letter on July 13, 2016, in which he acknowledged that his sentencing guidelines were 27-33 months.  (Doc # 31)  He again failed to raise the issue of the improper sentence enhancement.  On August 22, 2016, Defense Counsel filed a Sentencing Memorandum, which did not raise the issue of Graham's base level offense level or the felony drug conviction.  *See* Doc # 32.

At the October 4, 2016 sentencing hearing, Graham acknowledged that he received the PSIR and reviewed it with Defense Counsel. (Doc # 42) Neither Graham nor Defense Counsel raised the issue of Graham's base level offense level or the felony drug conviction. Graham made a statement to the Court and acknowledged his "one bad decision" from 11 years ago which resulted in the prior felony conviction. The Court used the base level offense of 20, adjusted three levels for acceptance of responsibility and found as follows.

> So I have essentially, beginning at age 19, a narcotic and drug-related violation for which you received a fine. And at age 21, a possession with intent to deliver over 50 grams of cocaine for which you received two years probation that involved 12 baggies of crack cocaine apparently according to this report. You also have an operating while intoxicated for which you received one point and probation and fine. Entering a vacant building without authorization for which you do not receive any points for but for which is also a crime for which you received a fine. A narcotic and drug-related violation at age 27 for which you also received a fine and one point. And a driving while under the influence of alcohol for which this one occurred in West Virginia at page 29 for which you also received one point. And even though you do have another serious offense that is pending, you have not been convicted or pled guilty of it and so you're presumed to be innocent until you are proven otherwise.
>
> . . .
>
> I'm satisfied that based on these five or so offenses that this Criminal History Category of III is overstated and I think it should be at Criminal History Category II. And that would make the guideline change and I think it would make it, what? Criminal History Category II would make the guidelines 27 to 33; is that right?
>
> PROBATION OFFICER: Yes, Your Honor.

> THE COURT: And the Court will so find. And that means that the advisory guideline is 27 months to 33 months. And that's what I will use for sentencing.

(Doc # 42, Pg ID 176-78)  The Court then sentenced Graham to be imprisoned for a total term of 27 months, followed by supervised release for a term of two years. Graham stated that he had no questions about his sentence, and that he understood that he had 14 days to take an appeal for which the Court would appoint an attorney at no cost to him.  *Id.* at 186.  As noted above, Graham did not file an appeal in this matter.

Under these circumstances, the Court concludes that Graham has not shown that he had good cause for his failure to raise his non-constitutional claim of improper sentence enhancement earlier.  There is nothing in the record to suggest that Graham was actually innocent either.  Accordingly, Graham has waived his right to raise this sentence enhancement claim.

Even if the Court were to consider Graham's claim, the Court made no error in determining a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4).  In 2006, Graham was convicted of Possession with Intent to Deliver 50 Grams of cocaine under Mich. Comp. Laws § 333.7401.  Although Graham also cites Mich. Comp. Laws § 750.92, he was not convicted under that statute.  Graham relies on *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), to argue that the Michigan controlled substances statute is too broad to qualify as a career-offender predicate

offense.  In *Hinkle*, the court found that a Texas statute that criminalized the act of offering to sell a controlled substance by including it in the definition of "deliver" was broader than the sentencing guidelines' definition of a controlled-substance offense.  *Id.* at 576.  The court reasoned that the Texas statute listed methods of delivery that were not alternative elements going toward the creation of separate crimes; rather, they laid out alternative ways of satisfying the single delivery element.  That part of the Texas statute was therefore indivisible.  *Id.*  Unlike the Texas statute at issue in *Hinkle*, Mich. Comp. Laws § 333.7401 is divisible and sets forth separate offenses, not alternative means for committing the same offense. *United States v. Tibbs*, No. 15-1060, 2017 WL 1314933, at *4-5 (6th Cir. Apr. 10, 2017).

In his Reply, Graham argues that the definition of "Deliver" in the Michigan statute, which includes an attempted transfer from one person to another of a controlled substance, is broader than the sentencing guidelines' definition of a controlled-substance offense, which does not criminalize an attempted transfer. *Compare* Mich. Comp. Laws §§ 333.7105(1), 333.7401(1), *with* U.S.S.G. 4B1.2(b).  Graham's argument is of no avail because the record indicates that Graham was convicted not of Delivery, but of Possession with Intent to Deliver,[1] which criminalizes the same conduct as the relevant portion of the sentencing

---

[1] The PSIR stated that Graham observed police officers, exited his vehicle, and threw a clear plastic baggie under the vehicle containing 12 knotted baggies of crack cocaine.

guidelines' definition of a controlled-substance offense. That attempts are subsumed in the actual offense of Delivery in Michigan is of no moment because Graham was not convicted of Delivery.

**B. Ineffective Assistance of Counsel**

Graham may be implicitly arguing that Defense Counsel was ineffective because he failed to raise this improper sentence enhancement claim.

The Government responds that Graham cannot show that his counsel was constitutionally ineffective because there was no sentencing guideline error.

Under the Sixth Amendment, a defendant has a right to "have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. A defendant has a right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two-prong test to show ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id.* "There is a strong presumption that legal counsel is competent. *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). In addition, a "reviewing

court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The defendant bears the burden of showing that counsel was so deficient and that prejudice resulted from counsel's errors. *Id.* at 686-87.

The Court finds that Graham cannot show that Defense Counsel's performance was constitutionally deficient. Graham cannot demonstrate that Defense Counsel's failure to raise this improper sentence enhancement claim was an unreasonable strategic decision because such a claim would have been without merit, as discussed above.

### C. Summary

Based on the above analysis, the Court finds that Graham failed to show that he had good cause for his failure to raise his non-constitutional claim regarding sentencing guidelines prior to the filing of the instant Motion, or that such a claim

would have any merit had it not been waived.  Graham is not entitled to relief under 28 U.S.C. § 2255.

## III. CERTIFICATE OF APPEALABILITY

Rule 22 of the Federal Rules of Appellate Procedure provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253(c)(2).  Rule 11 of the Rules Governing Section 2255 Proceedings requires that a district court issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  If a court issues a certificate of appealability, the court must state the specific issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  28 U.S.C. § 2255(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability will not be issued in this case because, as discussed above, the argument raised by Graham in his Section 2255 Motion is without merit.  For this same reason, the Court will not appoint counsel for an appeal.

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Quincy Lemar Graham's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 15-20546, Doc # 35, filed May 8, 2017]** is **DENIED**.

IT IS FURTHER ORDERED that Defendant Quincy Lemar Graham's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Civil Case No. 17-11520]** is **DISMISSED with prejudice.** The case is designated as **CLOSED** on the Court's docket.

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 11, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 11, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager